IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL INDEMNITY COMPANY,

    Plaintiff,

v.                                        No. 1:24cv00226

ADRIAN L. GUTIERREZ,
ABQ TRUCK DRIVING SCHOOL LLC,
And JANE DOE 2,

    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff National Indemnity Company hereby brings this Complaint for Declaratory Relief against Defendants Adrian L. Gutierrez, ABQ Truck Driving School LLC, and Jane Doe 2 (collectively, "Defendants") and alleges as follows:

### The Parties

1. Plaintiff National Indemnity Company ("NICO") is an insurance company incorporated under the laws of the State of Nebraska and maintains its principal place of business in Omaha, Nebraska. NICO does business in the State of New Mexico and has complied with the laws of the State of New Mexico pertaining to corporations engaged in the insurance business.

2. Defendant Adrian L. Gutierrez ("Gutierrez") is a New Mexico citizen and resident of the State of New Mexico.

3. Upon information and belief, Defendant ABQ Truck Driving School LLC ("ABQ Truck") is a single member limited liability company organized under the laws of the State of New Mexico with its principal place of business in New Mexico. The single member of ABQ Truck is a citizen and resident of the State of New Mexico.

4. Defendant Jane Doe 2 is a resident of Bernalillo County, New Mexico and a citizen of the State of New Mexico. Defendant Jane Doe 2 is a Plaintiff in a case *styled Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4 v. Adrian L. Gutierrez, Board of Regents of New Mexico State*

*University, RV's Transportation LLC d/b/a: Richard Vigil LLC, Native Nations CDL Training LLC, and ABQ Truck Driving School LLC*; presently pending in the Second Judicial District Court, Bernalillo County, State of New Mexico No. 202-CV-2023-09243.

## Jurisdiction and Venue

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6. There is complete diversity of citizenship as to all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. The claims at issue in this action arose in the District of New Mexico and all Defendants are citizens of the State of New Mexico. Venue is, therefore, proper in this Count under 28 U.S.C. § 1391.

8. Declaratory relief is requested pursuant to 28 U.S.C. § 2201.

9. There is a an actual justiciable controversy between NICO and Defendants regarding whether NICO has a duty to defend and/or indemnify claims made in the Underlying Action under an insurance policy issued by NICO as set forth in more detail below. Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties.

## General Allegations

*The Insurance Policy*

10. NICO issued Policy No. 70APS 108176 with an effective date from September 28, 2022 to September 28, 2023 to Named Insured ABQ Truck Driving School LLC. A true and correct copy of the Policy is attached hereto as Exhibit A.

11. The Policy contains Covered Auto Liability Coverage providing, in relevant part:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

Exhibit A, CA 00 01 11 20 at page 2.

    12.    The Policy includes the following as "insureds":

**1. Who Is An Insured**

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    (1) The owner or anyone else from whom you hire or borrow a covered "auto".

        This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

    (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

    (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

    (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

*Id.* at pages 2-3.

13. The Policy defines "accident" as:

> A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

*Id.* at page 10.

14. "Bodily injury" is defined under the Policy as:

> C. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

*Id.*

15. Liability coverage is available for symbol 7, Specifically Described "Autos," only:

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium col covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Business Auto Coverage Form shows which autos are covered autos) |
|---|---|
| LIABILITY | 7 |

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|

The Policy's Schedule of Covered Autos provides:

**SCHEDULE OF COVERED AUTOS** — M-4959a (03/2002)

POLICY NUMBER: 70 APS 108176          EFFECTIVE DATE: 09/28/2022 12:01 AM
NAMED INSURED: ABQ TRUCK DRIVING SCHOOL LLC

| Veh # | Year / Make / Model / VIN | Use (C,S or R) / Radius / Garaging Territory / Garaging City, State | GVW or Seating Capacity | Liab | UM/UIM | No-Fault | Med Pay | Addl Insd | In-Tow | Other | Limit Stated Amount or ACV | S/C | Comprehensive Premium / Deduct | Collision Premium / Deduct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2006 VOLVO VNL64T 4V4NC9TG66N420517 | Commercial 100 Miles Territory 1 ALBUQUERQUE, NM | 45,001 Lbs. | 7,989 | | | 321 | | | | 25,000 | C | Incl / 1000 Ded | 953 / 1000 Ded |
| 2 | 2003 UTILITY TRAILER 1UYVS25313U076419 | Commercial 100 Miles Territory 1 ALBUQUERQUE, NM | 45,001 Lbs. | 799 | | | | | | | 7,000 | C | Incl / 1000 Ded | 276 / 1000 Ded |
| 3 | 2016 FREIGHTLINER CASCADIA 3AKJGLD53GSHM1338 | Commercial 100 Miles Territory 1 ALBUQUERQUE, NM | 45,001 Lbs. | 8,788 | | | 321 | | | | 125,000 | C | Incl / 1000 Ded | 3,434 / 1000 Ded |

16. The Policy is subject to certain exclusions, including the following:

> **B. Exclusions**
>
> This insurance does not apply to any of the following:
>
> **1. Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

*Id.* at page 3.

17. The Policy is subject to an Abuse or Molestation Exclusion that provides:

> **ABUSE OR MOLESTATION EXCLUSION**
>
> PLEASE READ THIS ENDORSEMENT CAREFULLY
>
> This endorsement modifies insurance provided under the following:
>
> BUSINESS AUTO COVERAGE FORM
>
> The following exclusion is added to the policy:
>
> This insurance does not apply to "bodily injury" or "property damage" arising out of:
>
> (a) the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional, by anyone of any person; or
>
> (b) the negligent:
>
>     (i) employment;
>
>     (ii) investigation;
>
>     (iii) supervision; or
>
>     (iv) retention;
>
> of anyone or negligent entrustment to anyone whose conduct would be excluded by (a) above; or
>
> (c) the reporting to authorities or failure to report to authorities the alleged, actual or threatened abuse, molestation or sexual contact by anyone of any person.
>
> All other terms, conditions and agreements shall remain unchanged.

Exhibit A, Endorsement M-4803 (2/98)

18. The Policy also excludes coverage for Punitive Damages:

**PUNITIVE DAMAGE EXCLUSION**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages. For the purposes of this Endorsement, punitive damages include, but are not limited to, the following: punitive damages, exemplary damages, treble damages, statutory damages, and any other damages which are awarded to punish or deter a wrongdoer, deter others from similar conduct, or any other similar type of damages.

Subject to all other terms, conditions and exclusions of the policy, the Company has the right to defend any suit against the insured which seeks both punitive damages and damages to which this insurance applies. The Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages. The Company shall have the right to settle that part or parts of a suit seeking damages other than punitive damages.

In the event of a conflict of interest between the insured and the Company due to allegations which might result in an award of punitive damages against the insured or due to other allegations not covered by this insurance, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

Exhibit A, Endorsement M-5952 (03/2019).

*The Underlying State Court Complaint*

19. On December 4, 2023, Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4 filed suit in the Second Judicial District Court, Bernalillo County, State of New Mexico against Adrian L. Gutierrez, Board of Regents of New Mexico State University, RV's Transportation LLC d/b/a: Richard Vigil LLC, Native Nations CDL Training LLC, and ABQ Truck Driving School LLC in Cause Number 202-CV-2023-09243. A copy of the Complaint is attached hereto as Exhibit B ("Underlying Action").

20. In the Underlying Action, four individual Jane Doe Plaintiffs each seek damages from multiple Defendants relating to alleged sexual contact by Defendant Adrian L. Gutierrez.

21. Specifically, as it relates to NICO's named insured, Jane Doe 2 claims that she participated in extensive training with Defendant ABQ Truck Driving School LLC to obtain a Commercial Driver's License. ("CDL"). Exhibit B, Complaint, ¶ 40.

22. Jane Doe 2 claims that at the completion of her training she was scheduled to undergo CDL testing in Las Vegas, New Mexico with CDL Examiner Defendant Gutierrez, who she alleges is "a 'CDL Examiner,'" an employee of NMSU, and a public employer and/or person action on behalf of, under color of, or within the course and scope of authority of NMSU." Complaint, ¶¶ 7, 42.

23. Jane Doe 2 claims that Defendant ABQ Truck, entrusted a vehicle owned by it to Defendant Gutierrez to facilitate Jane Doe 2's CDL certification testing. Complaint, ¶ 44.

24. Jane Doe 2 claims that the process began normally with Defendant Gutierrez instructing Jane Doe 2 to drive the truck north out of Las Vegas after which Defendant Gutierrez allegedly told her to execute an "emergency roadside" stop at the next exist. Complaint, ¶¶ 46-47.

25. After stopping the vehicle, Jane Doe 2 claims that Defendant Gutierrez instructed her to kiss him and when she "froze" Jane Doe 2 claims that Defendant Gutierrez kissed her without her consent. Complaint, ¶¶ 49-51.

26. Jane Doe 2 claims that she was in fear that if she did not comply with Defendant Gutierrez she would not pass her test. Complaint, ¶ 52.

27. Jane Doe 2 claims Defendant Gutierrez told her to get in the back of the vehicle and after she complied, Gutierrez continued to molest her in the back of the vehicle. Complaint, ¶¶ 55-67.

28. Jane Doe 1 similarly claims that Defendant Gutierrez sexually abused her while in a vehicle owned by RV Trucking. Complaint, ¶¶ 21, 32-33.

29. Jane Doe 3 and Jane Doe 4 each similarly claim that Defendant Gutierrez sexually abused them while in a vehicle owned by Native Nations. Complaint, ¶¶ 78, 91-96; 108, 122-127.

***The Tender to NICO by ABQ Truck and NICO's Response to Tender***

30. ABQ Truck provided notice of the Underlying Action to NICO and demanded defense and indemnity under the Policy for the claims brought by Jane Doe 2.

31. Defendant Gutierrez is not the Named Insured under the NICO Policy and is only an "insured" under the NICO Policy issued to ABQ Truck as outlined in the Policy itself.

32. Defendant Gutierrez was not an "insured" under the Policy issued to ABQ Truck as the allegations made by Jane Doe 2 are outside any permissive use of the truck by Defendant Gutierrez.

33. The truck was the mere situs of Jane Doe's alleged injury when Defendant Gutierrez deviated from the permissive use of the vehicle.
In the Underlying Action, Jane Doe 2 does not allege "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" as defined in the NICO Policy.

34. The truck was the mere situs of Jane Doe's alleged injury when Defendant Gutierrez deviated from the permissive use of the vehicle.

35. Further, even if Jane Doe's claims were considered to be "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" as defined in the NICO Policy, coverage is excluded under the Abuse or Molestation Exclusion contained in the Policy. That exclusion expressly provides that the insurance does not apply to bodily injury arising out of abuse, molestation or sexual contact and all of Jane Doe 2's claims arise out of abuse, molestation or sexual contact.

36. Similarly, the Policy does not apply to bodily injury expected or intended from the standpoint of the insured and the Policy does not cover punitive damages.

37. Under the Policy, NICO has no duty to defend any insured against a suit seeking damages for "bodily injury' to which the insurance does not apply.

38. Because Jane Doe 2's claims do not fall within the insuring provision, and/or are expressly excluded under the Policy as a matter of law, NICO informed Defendants ABQ Truck Driving and Defendant Gutierrez that it would defend subject to reservation of rights including the right to file a declaratory judgment seeking a judicial determination of its obligations, if any, and the right to withdraw from the defense.

***The Policy Has No Application to the Claims Made by Jane Doe 1, Jane Doe 3 and Jane Doe 4***

39. At all material times, NICO did not insure RV Trucking, the vehicle owned by RV Trucking, or the location of the alleged incident involving Jane Doe 1.

40. At all material times, NICO did not insure Native Nations, the vehicle or vehicles owned by Native Nations, or the location of the alleged incidents involving Jane Doe 3 and Jane Doe 4.

41. Defendant Gutierrez was not an "insured" under the Policy issued to ABQ Truck for the claims made by Jane Doe 1, Jane Doe 3, and Jane Doe 4 as Defendant Gutierrez was not using a "covered auto" under the Policy issued to ABQ Truck at the time of the events alleged by Jane Doe 1, Jane Doe 3, and Jane Doe 4.

42. Further, NICO has no duty to defend or indemnify for any of the claims made by Jane Doe 1, Jane Doe 3 and Jane Doe 4 against Defendant Gutierrez for the same reasons there is no coverage under the Policy for the claims made by Jane Doe 2.

## COUNT ONE – DECLARATORY RELIEF

43. NICO incorporates the allegations of paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. The rights and obligations of NICO and Defendants are in dispute and affected by the terms and conditions of the Policy at issue and New Mexico case law.

45. Specifically, a controversy between the parties exists regarding whether Defendants ABQ Truck and Adrian Gutierrez are entitled to a defense and/or indemnification of the claims made against them in the Underlying Action.

46. NICO does not owe either a defense or an indemnification obligation to either Defendant ABQ Truck or Defendant Gutierrez because the claims in the Underlying Action do not involve claims for "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

47. Further, even if the claims were considered to constitute claims for bodily injury caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto," the Abuse and Molestation Exclusion in the NICO Policy excludes coverage for all claims arising out of "abuse, molestation or sexual contact."

48. All of the in the Underlying Action arise out of the alleged abuse, molestation or sexual contact. Accordingly, there is no coverage for any of the claims made in the Underlying Action as a matter of law and NICO has no duty to defend either ABQ Truck or Defendant Gutierrez for the claims under the NICO Policy.

49. Further, Defendant Gutierrez is not an "insured" under the Policy issued to ABQ Truck because all of the claims involved acts, which if true, exceed the grant of permission to use the truck by its owner. Therefore, NICO has no duty to defend or indemnify Defendant Gutierrez for any claims under the NICO Policy issued to ABQ Truck.

50. Further, all of the claims involve alleged intentional conduct by Defendant Gutierrez and there is no duty to defend or indemnify Defendant Gutierrez for any claims under the NICO Policy for bodily injury expected or intended by the insured.

51. Because NICO has no duty to defend or indemnify either Defendant ABQ Truck or Defendant Gutierrez for the claims of Jane Doe 2, this Court should enter an Order declaring that there is no coverage under the NICO Policy issued to ABQ Truck for the claims made in the Underlying Action and NICO has no duty to defend either ABQ Truck or Defendant Gutierrez.

52. In addition to the above, NICO has no duty to defend or indemnify Defendant Gutierrez for the claims made by Jane Doe 1, Jane Doe 3 and Jane Doe 4 because at the time of the alleged incidents involving these Plaintiffs, Defendant Gutierrez was not insured under the NICO policy as he was not in a covered auto. Further, there is no duty to defend or indemnify Defendant Gutierrez for the claims made by Jane Doe 1, Jane Doe 3 and Jane Doe 4 for the same reasons that there is no duty to defend or indemnify Defendant Gutierrez for the claims made against him by Jane Doe 2.

53.   By reason of the foregoing, there now exist an actual justiciable controversy between NICO and Defendants in the Underlying Action as required by 28 U.S.C. § 2201. Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

54.   WHEREFORE, NICO respectfully requests that this Court declare the rights and obligations of the parties hereto in accordance with NICO's contentions herein; specifically that:

(A)   Judgment be entered in NICO's favor and the Court enter a declaration regarding the rights and obligations of each of the parties with respect to the dispute herein and find that there is no coverage under the Policy for the claims asserted in the Underlying Action;

(B)   That it enter judgment declaring that NICO has no duty to defend or indemnify ABQ Truck and Gutierrez for the claims asserted in the Underlying Action and declare that NICO may withdraw the defense it has been providing under reservation of rights;

(C)   Awarding NICO such other relief, including its costs as this Court deems just and proper.

By: */s/ Jennifer A. Noya*
Jennifer A. Noya
Shannon N. Nairn
Post Office Box 2168
Bank of America Centre, Suite 1000
500 Fourth Street, N.W.
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800
*Attorneys for NICO*

W5008841.DOCX