**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**NATIONAL INDEMNITY COMPANY,**

      **Plaintiff,**

v.                                 **No. 24-cv-00226-MLG-JHR**

**ADRIAN L. GUTIERREZ,
ABQ TRUCK DRIVING SCHOOL LLC,
and JANE DOE 2,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT [14]
NATIONAL INDEMNITY'S MOTION FOR DEFAULT AND SUMMARY JUDGMENT.**

This matter is before the Court on Plaintiff National Indemnity Company's Motion for
Default and Summary Judgment. [Doc. 14]. Defendants ABQ Truck Driving School, Adrian L.
Gutierrez, and Jane Doe 2 did not file responses. *See* [Doc. 17]. United States District Judge
Matthew L. Garcia referred this motion to me for proposed findings and a recommended
disposition. [Doc. 20]. For the reasons stated below, I RECOMMEND the Court grant National
Indemnity's Motion, enter default judgment and summary judgment in favor of National
Indemnity, and enter a declaration that National Indemnity has no duty to defend or indemnify
Gutierrez under the policy.

**I.**      **BACKGROUND**

This case concerns the scope of coverage of the commercial auto insurance policy which
National Indemnity issued to its named insured, Defendant ABQ Truck Driving School LLC.[1] *Id.*
at 2. National Indemnity filed its complaint for declaratory relief against Defendants Adrian

---

[1] ABQ Truck Driving School has been dismissed from this case and so I will only discuss it for purposes of
explaining the factual and procedural history. [Docs, 21, 22].

Gutierrez, ABQ Truck Driving School LLC, and Jane Doe 2 seeking a declaratory judgment of no duty to defend or indemnify Defendants under the policy. [Doc. 1]. I will first discuss the events leading up to National Indemnity filing its complaint for declaratory judgment which are necessary to understand the substance of this matter.

A.      **Underlying State Court Complaint.**

This declaratory judgment action stems from an underlying state court case filed by Jane Does 1–4 against Adrian Gutierrez, ABQ Truck Driving School LLC, and several other defendants. [Doc. 1, at 6, 7]. Jane Does allege that Gutierrez, a commercial driver's license ("CDL") examiner employed by New Mexico State University, sexually abused them while overseeing their final CDL driving tests. *Id.* Relevant to this declaratory action, Jane Doe 2 alleges Gutierrez told her to make an emergency roadside stop during her test. *Id.* at 7. She asserts Gutierrez told her to kiss him, and when she did not, he kissed her without her consent. *Id.* Gutierrez then allegedly instructed her to get in the back of the truck where he "continued to molest her." *Id.* She says the assault happened in a vehicle owned by ABQ Truck Driving School. *Id.* at 6.

Jane Does 1, 3, and 4 also claim Gutierrez similarly sexually abused them but in trucks owned by different companies. *Id.* at 7. They jointly brought claims of assault, battery, and false imprisonment against Gutierrez in state court. [Doc. 1-2, at 15]. ABQ Truck Driving School tendered a notice of the state court lawsuit to its auto liability insurer National Indemnity, demanding National Indemnity defend and indemnify it under its policy. [Doc. 1, at 7].

B.      **Complaint for Declaratory Relief.**

National Indemnity contends it has no duty to defend or indemnify Gutierrez for the underlying claims made by Jane Doe 2 for several reasons. *Id.* at 7, 8. First, National Indemnity contends Gutierrez was not a named insured under its policy issued to ABQ Truck Driving School,

or otherwise an "insured" under policy terms, because Jane Doe 2's allegations "are outside any permissive use of the truck." *Id.* at 8. It explains Jane Doe 2's claims based on sexual assault do not fit within the covered policy definitions of "bodily injury" as the result of an "accident" from the use of a covered "auto." *Id.* The policy does not define "accident" other than to say that it includes "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'" *Id.* at 4. "Bodily injury" means "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these." *Id.*

Second, even assuming Jane Doe 2 did suffer "bodily injury" caused by an "accident," National Indemnity points to policy exclusions categorially disclaiming coverage. *Id.* at 5. The "expected or intended injury" exclusion disclaims coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.'" *Id.* The "abuse or molestation exclusion" prohibits insurance for:

> "[B]odily injury" or "property damage" arising out of:
> (a) the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional, by anyone of any person; or
> (b) the negligent:
>     (i) employment;
>     (ii) investigation;
>     (iii) supervision; or
>     (iv) retention;
> of anyone or negligent entrustment to anyone whose conduct would be excluded by (a) above.

*Id.* Regarding Jane Doe 2, National Indemnity alleges any "bodily injury" arose out of abuse, molestation, or sexual contact, which Gutierrez expected or intended from his intentional sexual assault. *Id.* at 8. National Indemnity thus concludes coverage is barred. *Id.*

Based on the above, National Indemnity pleads one count for declaratory judgment asking the Court to enter judgment in National Indemnity's favor, declare that its policy issued to ABQ Truck Driving School does not cover the claims in the underlying action, declare that National

Indemnity has no duty to defend Gutierrez, and allow National Indemnity to withdraw its defense. *Id.* at 9-11.

**C.    National Indemnity's Motion for Default and Summary Judgment.**

National Indemnity filed a motion for default judgment against Gutierrez and Jane Doe 2 because they have not answered nor responded to any filing in this matter. [Doc. 14]. The motion also requests summary judgment, a declaration that National Indemnity has no duty to defend or indemnify Gutierrez, and permission to withdraw from Gutierrez's defense. *Id.* at 14.

The "undisputed material facts" supporting summary judgment are drawn from the complaint for declaratory relief. *Id.* at 3. National Indemnity urges the "allegations are deemed admitted through Gutierrez's failure to file a responsive pleading" and by inference the Court must take them as true. *Id.* (citing Fed. R. Civ. P. 8(b)(6)). National Indemnity repeats allegations and arguments from the complaint regarding coverage based on the Covered Autos Liability Coverage provision and the "expected or intended injury" and "abuse and molestation" exclusions. *Id.* at 3-4. It also incorporates the facts describing Gutierrez's alleged assault of Jane Doe 2 and the ensuing state court lawsuit. *Id.* at 5, 6.

Next, National Indemnity meets the applicable standard for a declaratory judgment claim, which requires the plaintiff to "demonstrate that the facts and the law entitle the plaintiff to the declaratory relief sought" *Id.* at 6. National Indemnity says it has met this threshold by showing that Jane Doe 2's underlying claims fail to meet basic coverage requirements. First, the sexual abuse allegations do not meet the definition of a covered "accident," applying New Mexico law which defines an "accident" as "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Id.* at 8. Because sexual assault is an

"intentional act resulting in an intended injury," coverage is not triggered and therefore National Indemnity has no duty to defend the state suit. *Id.* at 9.

Second, National Indemnity argues the policy's exclusions expressly disclaim coverage for the type of claim against Gutierrez. *Id.* at 10. It cites New Mexico law relieving an insurer from defending an action where "all claims in the complaint arise from an injury excluded by the policy" as a matter of law. *Id.* Such is the case here, it argues, because the sexual abuse-based claims fall under the language of the Abuse and Molestation and Expected or Intended Injury exclusions. *Id.* With the matter ripe for default judgment by the lack of answer or defense from Gutierrez or Jane Doe 2, National Indemnity requests the Court "enter a default judgment in [National Indemnity's] favor, enter a declaration that [National Indemnity] has no duty to defend or indemnify Gutierrez in the Underlying Complaint against the allegations brought by Jane Does 1-4, and permit [National Indemnity] to withdraw from Gutierrez's defense." *Id.*

## II.    LEGAL STANDARDS

The Declaratory Judgment Act allows federal courts to issue a declaration of rights among parties, providing in relevant part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The district court has discretion over this analysis. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

Under Rule 55, a party requesting default judgment must first obtain a clerk's entry of default based on a party's failure to appear or otherwise defend. Fed. R. Civ. P. 55(a); *Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 690 (D.N.M. 2018). Then, the party may seek entry of judgment. Fed. R. Civ. P. 55(b). If the party only requests a "sum certain" of compensatory

damages the clerk of the court may enter judgment, but otherwise the party must apply to the court if seeking any other relief. *Id.* Once a party is found to be in default, the court construes all factual allegations in the complaint as true except those regarding the amount of damages. *Berkley Nat'l Ins. Co. v. Aidcare Trans., LLC*, 24-CV-00643, 2024 WL 4766225, at *2 (D.N.M. Nov. 13, 2024). However, before entering default judgment a court must ensure it has subject matter jurisdiction over the parties and action and the plaintiff must demonstrate the court's personal jurisdiction over the defaulting party. *Esurance Ins. Co. v. Streeter*, 19-CV-2065, 2019 WL 3282789, at *2 (D. Kan. July 22, 2019).

### III.    ANALYSIS

A clerk's entry of default was entered against Gutierrez and Jane Doe 2 for failure to plead or otherwise defend on January 21, 2025. [Doc 19]. The record is clear that Gutierrez and Doe 2 were properly served, *see* [Docs. 10 & 11], and have failed to answer the allegations in the complaint. *See Anaya*, 326 F.R.D. at 691. Thus, I find proceeding to the default judgment analysis proper.

**A.  I find the Court has jurisdiction over this matter.**

Federal courts have diversity jurisdiction over cases where "no plaintiff and no defendant are citizens of the same state"; in other words, where "complete diversity" exists. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A person is a citizen of a state where the person is domiciled; domicile is acquired where the person resides and intends to remain indefinitely. *Id.* A corporation is a citizen of any state in which it is incorporated and maintains its principal place of business. *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1151 (D.N.M. 2015). The statutory amount in controversy of $75,000 must also be satisfied for a federal court to maintain diversity jurisdiction. *Id.*

I find complete diversity exists here because National Indemnity does not share citizenship with Gutierrez or Jane Doe 2. National Indemnity is incorporated in Nebraska with Omaha, Nebraska as its principal place of business. [Doc. 1, at 1]. Meanwhile, Gutierrez and Jane Doe 2 are citizens of New Mexico. *Id.* Because ABQ Truck Driving School has been dismissed, I need not assess its citizenship. National Indemnity alleges the amount in controversy to exceed $75,000 and no allegations to the contrary have been made. *Id.* at 2. Therefore, with complete diversity and the amount in controversy satisfied, I find the court has diversity jurisdiction over this matter.

I also find that that the Court has personal jurisdiction over Gutierrez and Jane Doe 2. Personal jurisdiction requires a defendant to have sufficient minimum contacts with the forum state such that subjecting the defendant to the court's jurisdiction is fair and just. *Anaya*, 326 F.R.D. at 694. The jurisdictional reach of New Mexico's long-arm statute is consistent with such Fourteenth Amendment due process concerns. *Id.* The Tenth Circuit also requires defendants to be served for a court to have personal jurisdiction. *Id.* I find the Court's exercise of personal jurisdiction comports with due process because Gutierrez and Jane Doe 2 are citizens of New Mexico, meaning they have sufficient minimum contacts with New Mexico. *See id.* Moreover, Gutierrez was served on August 10, 2024 [Doc. 11] and Jane Doe 2 waived and accepted service on July 16, 2024 [Doc. 10]. [Doc. 16, at 1]. Therefore, I find the Court has both subject matter and personal jurisdiction.

## B.  I find the *Mhoon* factors favor the Court exercising jurisdiction over this matter.

Having found the Court has jurisdiction to enter declaratory judgment in this action, I now turn to whether the Court should exercise this jurisdiction or let the underlying state court decide the matter. I find the following factors counsel this Court to enter declaratory judgment.

"It is common for an insurer to seek declaratory judgment against their insureds to determine the extent of coverage, frequently as a stand-alone action." *Berkley*, 2024 WL 4766225, at *2 (citing *Gallegos v. Nevada Gen. Ins. Co.*, 248 P.3d 912, 914 (N.M. Ct. App. 2011)). When an underlying state court action is pending, federal courts consider several factors (the "*Mhoon* factors*"*) when deciding whether to hear a declaratory judgment matter instead of the state court:

> (1) whether a declaratory action would settle the controversy;
> (2) whether it would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
> (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Id.* at *3 (citing *Runyon*, 53 F.3d at 1169).

1.    <u>The First and Second Factors.</u>

The first two factors are related. The first factor is whether a declaratory action would settle the controversy, and the second factor is whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue. *Berkley*, 2024 WL 4766225, at *3. I find that it would.

The underlying state court lawsuit alleges intentional tort claims of assault, battery, and false imprisonment against Gutierrez based on his alleged sexual abuse of Jane Does. [Doc. 14, at 6, 9]. National Indemnity explains that "Gutierrez intended to commit these tortious acts, and he intended the resulting harm." *Id.* By contrast, the instant lawsuit only concerns whether National Indemnity's liability insurance covered the truck and occurrence such that it must defend or indemnity Gutierrez. *Id*.

Litigating the assault, battery, and false imprisonment claims against Gutierrez in the underlying case would not resolve the present insurance coverage issue. However, a declaration

stating whether or not National Indemnity has a duty to defend or indemnify Gutierrez based on the terms of the policy would settle the coverage question and clarify the parties' contractual relations. This determination would be useful in the state court suit because it would eliminate uncertainty or mistaken beliefs regarding National Indemnity's duty to defend. Thus, the first and second factors favor the Court exercising jurisdiction.

      2.    <u>The Third Factor.</u>

The third factor contemplates whether the declaratory action is being used for "procedural fencing" purposes or "to provide an arena for a race to res judicata." *Berkley*, 2024 WL 4766225, at \*4. I do not find any indication that National Indemnity seeks a declaratory judgment to interfere with a state action. As explained above, the underlying claims are based solely on Gutierrez's alleged sexual abuse, which requires a distinct analysis from the coverage questions. A declaratory judgment strictly on National Indemnity's duty to defend would not preclude any state court relief for the underlying intentional tort claims. Thus, the third factor favors the Court exercising jurisdiction.

      3.    <u>The Fourth and Fifth Factors.</u>

The fourth factor asks whether there is "friction between state and federal courts where there are overlapping issues" such that a declaratory judgment action in federal court improperly encroaches upon state jurisdiction. *Id.* at \*5. Again, the lack of overlapping factual or legal issues between state law assault, battery, and false imprisonment claims and the present insurance coverage dispute based on policy terms obviates any friction between the two forums. Moreover, National Indemnity is not a party to the underlying state court action so any judgment as to its obligations will not infringe upon any state court jurisdiction. I thus find the fourth factor favors the Court exercising jurisdiction.

9

The fifth factor inquires whether a better or more effective alternative remedy exists. National Indemnity filed this lawsuit to obtain a declaration of its duty to defend or indemnify Gutierrez under the policy. The existing state court action does not contemplate relief from this obligation nor provide an opportunity for National Indemnity to argue that the contractual terms exclude coverage on their face. In short, absent a declaratory judgment, National Indemnity would likely be forced to defend Gutierrez through trial. *See id.* I thus find no satisfactory alternate remedy exists and so the fifth factor favors the Court exercising jurisdiction.

### C.   I recommend the Court grant declaratory judgment and enter default judgment against Gutierrez and Jane Doe 2.

Having found that the Court may properly exercise jurisdiction, I now turn to whether the complaint states a claim for declaratory relief. *See Anaya*, 326 F.R.D. at 694. I find that it does. Because this matter sounds in diversity jurisdiction, New Mexico state law applies. *Safeco Ins. Co. of Am. v. Hilderbrand*, 602 F.3d 1159, 1163 (10th Cir. 2010). An insurer's duty to defend stems from the nature of the allegations in the complaint. *Miller v. Triad Adoption & Counseling Servs., Inc.*, 2003-NMCA-055, ¶ 9. Comparing the complaint's factual allegations with the terms of the policy determines whether the insurer has a duty to defend. *Lopez v. New Mexico Pub. Sch. Ins. Auth.*, 1994-NMSC-017, ¶ 8. If a complaint "states facts that bring the case within the coverage of the policy" then the insurer has a duty to defend. *Bernalillo Cnty. Deputy Sheriffs Ass'n v. Cnty. of Bernalillo*, 1992-NMSC-065, ¶ 8. But, "[i]f the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required." *Id.*

I agree with National Indemnity that the allegations of the complaint clearly fall outside the terms of the insurance policy:

> Because each of these [state claims] is premised on an intentional act, which is not an accident as defined by the Policy, they do not meet the threshold requirements to coverage. Thus, [National Indemnity] owes no duty to defend or indemnify

> Gutierrez in the Underlying Complaint. Even if one were to interpret Gutierrez's intentional acts as an accident, which as a matter of New Mexico law they are not, the Underlying Complaint is premised upon intentional torts and abuse and molestation, and the Policy excludes coverage for expected or intended injuries and injuries arising from abuse, molestation, and sexual contact. Therefore, [National Indemnity] owes no duty to defend or indemnify Gutierrez in the Underlying Complaint.

[Doc. 14, at 14]. A review of the policy supports this finding. First, no coverage is triggered under the basic Covered Autos Liability Coverage section:

> We will pay all sums an "insured" legally must pay as damages because of a "bodily injury" . . . to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto". . .
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

[Doc. 14, at 3]. The policy does not provide a specific definition of "accident" other than to say that it includes "continuous or repeated exposure to the same conditions resulting in 'bodily injury.'" [Doc. 14-1, at 19]. New Mexico law cited by National Indemnity defines an "accident" as "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Id.* at 8 (citing *Vihstadt v. Travelers Ins. Co.*, 1985-NMSC-104, 103 N.M. 465, 709 P.2d 187) (quoting *King v. Travelers Ins. Co.*, 1973-NMSC-013, 84 N.M. 550, 505 P.2d 1226). "Bodily injury" is "bodily injury, sickness or disease sustained by a person, including death resulting from any of these." *Id.*

It is apparent that the Gutierrez's alleged sexual misconduct falls outside the terms of the policy. First, Jane Doe 2's allegations that Gutierrez intentionally and forcibly kissed and groped her in the truck fail to set forth facts alleging "bodily injury" caused by an "accident" Comparing the facts of the complaint with the terms of the policy does not reveal facts bringing the case within the policy's covered events. Second, the Exclusions specifically disclaim coverage for the alleged conduct. The "Expected or Intended Injury" clause states coverage does not apply to "'bodily

injury' . . . expected or intended from the standpoint of the 'insured.'" [Doc. 1, at 5]. The "Abuse or Molestation" clause excludes coverage for "bodily injury" arising out of "the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional" and including derivative claims of negligent employment, supervision or retention of the offender. *Id.* Here, the complaint's sexual abuse allegations on their face state facts within the parameters of both exclusions. Gutierrez meant to sexually abuse Jane Doe 2 by initiating kissing and groping her without her consent. The type of bodily injury arising from this sexual contact is expressly excluded from coverage. I find National Indemnity has shown coverage is excluded for the claims against Gutierrez and so it has no duty to defend or indemnify him in the underlying lawsuit. I thus recommend the Court grant declaratory judgment by default in favor of National Indemnity.

### D.  I recommend the Court grant summary judgment in favor of National Indemnity.

Rule 56 dictates that summary judgment is proper if the "pleadings . . . show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Failing to respond to a motion for summary judgment waives the opposing party's right to file a response and "confesse[s] all facts asserted and properly supported in the summary judgment motion." *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1200 (10th Cir. 2002). However, the failure to respond is not itself a sufficient basis to grant summary judgment. *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002). Prior to entering judgment, the court must still ensure that the movant has met its burden to show that no material fact issues remain for trial such that it is entitled to judgment as a matter of law. *Id.*

I find National Indemnity has met its burden and that no material fact issues remain. National Indemnity enumerates its undisputed material facts in its motion. [Doc. 14, at 3]. These facts are grounded in the underlying state court complaint, the complaint for declaratory judgment,

and the insurance policy itself. I have reviewed these documents and do not find any facts contravening those National Indemnity offers as undisputed. I also find these undisputed material facts admitted due to Gutierrez's lack of response. Application of the undisputed policy terms to the undisputed facts defining the event leads to the conclusion that the acts of Gutierrez were not covered by the policy terms. Therefore, I find National Indemnity is entitled to judgment as a matter of law and recommend the Court grant summary judgment in favor of National Indemnity.

## IV.    <u>RECOMMENDATION</u>

For the reasons stated above, I recommend the Court GRANT National Indemnity's Motion for Default and Summary Judgment [Doc. 14], ENTER default judgment and summary judgment in favor of National Indemnity and against Gutierrez and Jane Doe 2, and ENTER a declaratory judgement in favor of National Indemnity to the effect that:

1) National Indemnity's policy does not provide insurance coverage for the underlying state law intentional tort claims Jane Does 1-4 brought against Gutierrez because the alleged sexual abuse giving rise to those claims is not a covered "accident" causing "bodily injury" under the terms of the policy, and coverage is otherwise specifically disclaimed for such conduct under the term of the policy's exclusions; and

2) National Indemnity does not have a duty to defend or indemnify Gutierrez in the underlying action; and

3) National Indemnity may withdraw from the defense it has provided Gutierrez subject to reservation of rights.

Hon. Jerry H. Ritter
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**