IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL INDEMNITY COMPANY,

    Plaintiff,

v.                                                    Case No. 1:24-cv-00226-MLG-JHR

ADRIAN L. GUTIERREZ, ABQ TRUCK
DRIVING SCHOOL, LLC, and JANE DOE 2,

    Defendants.

United States Magistrate Judge Jerry H. Ritter filed the Proposed Findings and Recommended Disposition ("PFRD") on July 24, 2025. Doc. 23. This PFRD recommends the Court grant Plaintiff National Indemnity Company's ("National Indemnity") Motion for Default and Summary Judgment, Doc. 14. Doc. 23 at 13. The PFRD further recommends the Court enter default judgment and summary judgment in favor of National Indemnity and against Defendant Adrian L. Gutierrez and Jane Doe 2. *Id.* Lastly, the PFRD details the Court enter a declaratory judgment in favor of National Indemnity. *Id.* (outlining three conditions for the judgment).

The PFRD notified the parties of their ability to file objections within fourteen days and that failure to do so waived appellate review. *Id.* at 14. No objections were filed by the August 7, 2025, deadline.

The Court finds no reason either in law or fact to depart from Judge Ritter's proposed recommendations and findings and will adopt the conclusions memorialized in the PFRD. *See generally id.*

1

It is therefore ordered as follows:

1. Judge Ritter's Proposed Findings and Recommended Disposition, Doc. 23, is adopted in full.

2. Default judgment is entered in favor of National Indemnity Company pursuant to Federal Rule of Civil Procedure 55.

3. Summary judgment is also entered in National Indemnity Company's favor pursuant to Federal Rule of Civil Procedure 56.

4. Declaratory judgment is entered in favor of National Indemnity Company to the effect that:

    a. National Indemnity's policy does not provide insurance coverage for the underlying state law intentional tort claims Jane Does 1-4 brought against Gutierrez because the alleged sexual abuse giving rise to those claims is not a covered "accident" causing "bodily injury" under the terms of the policy, and coverage is otherwise specifically disclaimed for such conduct under the term of the policy's exclusions; and

    b. National Indemnity does not have a duty to defend or indemnify Gutierrez in the underlying action; and

    c. National Indemnity may withdraw from the defense it has provided Gutierrez subject to reservation of rights.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA